Case 6:23-cv-00085-ADA Document 1 Filed 02/10/23 Page 1 of 10

FILED
January 24, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____SM_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RAPHAEL GREEN TDCJ # 2236708 <br> Lynn Braggs, TDCJ # 2186599 <br> DELDRICK SIMMONS, TDCJ # 1940341 <br> RENO P. ROBERTS, TDCJ # 2029343 <br> WILLIAM GARRISON, TDCJ # 814619 <br> LESTER MINN, TDCJ # 626669 <br> DONIS L. DENBY, TDCJ # 655223 <br> PLAINTIFFS <br><br> V. <br><br> BRUCE ARMSTRONG, SENIOR WARDEN <br> SPENCER LUCAS, ASSOCIATE WARDEN <br> DANIEL PARKER, SECURITY MAJOR <br> (FNU) WHEELER, MENTALHEALTH CLINICIAN <br> (FNU) PEREZ, MENTALHEALTH CLINICIA <br> (FNU) BROWN, MENTALHEALTH CLINICIAN <br> (FNU) BROWN, MENTALHEALTH CLINICIAN <br> (FNU) VACCARO, MENTALHEALTH CLINICIAN <br> NUK, MHIDP DIRECTOR <br> C. COLLINS, UNIT GREIVANCE INVESTIGATOR <br> ACOSTA, UNIT GRIEVANCE INVESTIGATOR <br> (FNU) COALSTON, MAILROOM SUPERVISOR <br> FNU) HENRY, FOOD SERVICE MAJOR | § <br> § <br> § Civil action No: 6:23-cv-045 <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

### PLAINTIFF'S CIVIL ACTION COMPLAINT

This is a Civil action, filed by the above plaintiffs, proceeding pro se, authorized by 42 U.S.C. § 1983 to address the deprivation, under the color of State law, of rights secured by the Constitution of the united States. This Court has jurisdiction under 28 U.S.C. 1331 and 1343£a·£3·. The Plaintiffs seek declarotory relief pursuant to 28 U.S.C. § 2201 < 2202. Plaintiffs claims for injunctive/TRO relief are authorized by 28 U.S.C. § § 2283 & 2284, and rule 65 of the Fed.R.Civ.proc, plaintiffs seek jury trial demand and monetray damages for both physical and mental injuries.

---

8] plaintiff notifies the Court that they deligigantly sought and requested the standard 42 USC § 1983 from the access to courts supervisor on the unit and have been presistently denied withheld or refused, waiting on a standard form(s) would unduely subject the pla-intiffs to imminent danger. *2 "FNU" - FIRST NAME UNKNOWN

1

## II.

The plaintiffs claim that they have exhuasted all available administrative claims and remedies in this matter per PLRA

## III.

The United States District Court, For The Western District Of Texas, Waco Division is an appropriate venue under 28 U.S.C. § 1391(b)(2) because it is where the events given rise to these claims occurred

## VI.

The plainitffs as enmumerated above, are and were at all times mantioned herein prisoners of the state of texas, in the costody of the Texas Department Of Criminal Justice, assigned to the Mental Health Thereuputic Diversion Program (MHTDP), confined to the Alfred Hughes unit, in Gatesville, Texas, under its jurisdiction.

## V.

The defendants enmumerated above all, individually and jointly, were and are legally responsible for the overall operation of the Unit/Department, and each institution, program , including maintinence, upkeep and care of the plaintiff's and All offenders under its supervisions, at all timers hereein each defendant is sue individually and in their official capacities. At all times mentioned herein this complaint ,each defendant acted or failed to act under the color of state law.

## VI

### FACTS AND STATEMENT OF CLAIMS

(1). The plaintiffs claim that the defendants individually, personally and jointly, in ther caopacities, while acting under the color of state law, violated plaintiffs rights and deprived plaintiffs of their rights, discriminated against a suspected class and against the plainitiffs, including the suspected class of offenders with mental disabilities under and in violatioin of  the Individuals With Disabilities Act.

The defendants have presistently subjected the plaintiffs to groiss cruel and unusal punishment, torture, prolonged, unjustified confinement to solitary confinement, gross inhumane living conditions, deprivations of the basic, minimal neecessities of life and have cause plaintiffs servere mental injury,physical injuries and have caused the plaintiffs to face appromiate IMMINENT danger of serious irreparable injuries and hram, including forced to undergo a "HUNDERSTRIKE" to address the egregious inhumane living onditions to which the are subject.

(Statement Of Claims Continued...)

(2). The plaintiffs, individually and jointly namely hereinafter; Raphael Green (See Attached Exhibit A; TRO/Affidavit of Raphael Green #2236708); Lynn Braggs (See attached Exhibit B;TRO/Affidavit of Lynn Braggs # 2186599); Deldrick Simmons (See Attached Exhibit C; TRO/Affidavit of Deldrick Simmons); Reno P.Roberts # 2029343: (See atched TRO/-Affidavit Of Reno P.Roberts); William Garrison # 814619 (See attched TRO/Affidavit of William Garrison); Lester Munn 620669 (See Attached TRO/Affidavit of Lester Munn); Donis L.Denby (See Attached TRO/Affidavit of Donis L.Denby)[ Ehibits "D" Reno P.roberts exhibit "E" William Garrison and exhibit "F" Donis L.Denby], hereby claim that they have been subject to, and at the time of this filing, are under the threat of clear and present IMMINENT DANGER of serious, substantial and irreparable physical, mental and safety harm and injury at the hands of the defendants herein. [The plaintiff's incorporates by refafences the Accompaining Motion for Preliminary Injunction and TRO pursuant to rule 10(c) of the Fed.R.Civ.Proc.]

(3). The plaintiffs individually and jointly claim that they are being deprived of the basic, minimal neccessities of life and subjected to abject and presistent and unchecked inhumane conditions of confinement and subject to cruel and unusal punishment, deliberate indifference to serious medical and mental health needs, deprivation of adequate access to food, water, showers and recreation/excercised and are being subject to discrimination, TORTURe, reprisal and retaliation by way of ,but not limited to: physical and verbal, terrositic threats of harm, food deprivaytion, adversed classifications and rank denial of access to rehabilitation, medical and access to courts. (See attached exhibits/accompaining TRO )

(4). The plaintiffs claim that they are and have been assigned to the Mental Health Theruseputic Diversion Program (hereafter "MHTDP"), at the Alfred Hughes unit for treatement of acute mental health issues. The plaintiffs claim that they have been deprived of said mental health treatment, and have been subject to cruel and unusal punishment and deliberate indifference to their serious mental health needs. The plaintiff's claim that they have and are being subjected to torture, rank inhumane livinfgg conditions forced into 24/7 isolation, confined to their cells. The plaintiffs claim that the MHTDP has been and currently is inadequately staffed and as a result, the plaintiff's have been essentially deprived of timely and adequate mental health treatment for their serious mental health needs, which has, is and will result in farther substantial and irreparable harm (See Attached Exhibit "G" Formal Letter to Independent Officer of the Onbudsman & exhibit "H" step one and two)

(Statement Of Claims Cont....)

(5). The plaintiffs claim that they are being subject to a complete denial of adequate treatement for mental health at the hands of the defendants Perez, Wheeler, Vaccaro, Deleon, Brown and the Director of the MHDP, plaintiff's have jointly submitted numerous request for mental health treatment (over 300) verbally and per policy (sickcalls and I-60's [request to officials]), to no avail, the defendants have failed to meet the plaintiffs serious mental health needs acting with deliberate indifference and have even admitted that they are inadequate due to gross lack of staff to trerat plaintiffs (See exhibit "G" and exhibit "I" attached TRO). This places the plaintiffs under the threat of imminent danger due to deprivation of treatement and the defendants failure to cure the problem.

(6). the plaintiffs have been are deprived of essentially "ALL" human contact and have been deprived of outside and "any" recreation/excercise for over 290 days out of the entire 365 days of the year 2022. Plaintiffs claim that as of this filing, they are being driprived of recreation and excercise for 18 of the 20 first days of January 2023. Plaintiffs claims were the Texas Department Of Criminal Jusatice "TDCJ" mandates that plaintiffs be afforded a shower a day sa well as one hour of recreation, outside excercise a day, for the year of 2022 of the total 8,760 hours, the plaintiff's have been deprived of 5,800 hours of outside recreation and outside recretion, for the time of January 2023, for the hours of 480 hours from January 1,2023 to the filing of this complaint, the plaintiffs have been deprived of 432 hours of recreation and out side recreations, for a combined total of deprivation currently of 6,232 hours of recreations. The plaintiffs claim that this gross denial of adequate excercise and time out of the cell has and will cause serious mental and physical harm and injury and constitutes cruel and unusal punishment and torture under rank inhumane living conditions at the hands of the defendants.

(7) The plaintiffs cklaim that they have been deprived of timely and adequate cleaning provisions, and showers, plaintiffs claims for the year of 2021,2022 they have been deprived of more than 250 opportunites to shower, plaintiffs claims that they have been deprived of adequate cleaning for incell cleaning provisions for a total of 365 days for 2022, and have been deprived of all soap on more than 30 occassions by which they cannot shower, clean bodies hands, cells, toilet, where they are subject to rank unsanitary conditions, H.pylori, feces, unrine, bacterias and covid-19 exposure for which the plaintiffs have contacted these dieases and or suffered harm due to this depribvation and deliberate indifference to serious needs and cruel and unusal punishment under rank inhumane living conditions.

(Statement Of Claims Cont....)

(8). The plaintiffs claim that the are being deirived of adequate and nutritious food. The plaintiffs claims that they have been subjected to deprivation of timely and adequate food and nutrition in accordance with standards and even TDCJ's own dietary policies. The plaintiffs claims that they have been deprived of more than "800" nutritious meals in violation of TDCJ's own dietary policy (See acctached exhibit "J" "Texas Department Criminal Justice Food Service Procedure Manual 19.01 pages 1-2 / Attached TRO). The plaintiffs claim that they have been subject to johnnies (Sack meals) over 800 times grossly disportionate, however, it is not simply the gross subjectness to johnies, but the plaintiffs claims that not only is the gross, prolconged subjection to sack meals cruel and unusal, but the sack meals themselves have been grosely under nutritional per TDCJ policy and the deitianal needs to the plaintiffs.

(9). The plaintiffs claims, where the Food Service Procedure Manual (hereinafter "FSPM") mandates that the breakfast johnnie be at least 600 calories; and the lunch and dinneer 800 calories each, for a combined daily caloric intake of 2,400 calories, the plaintiffs claims they are being deprived of this a grossly under servings of nutritional meals. The plaintiffs have been are are being subjected to 1 small bread loaf, 1 cereal, and not desert or milk, in breakfast sack lunch, or 2 pancakes which equals bread loaf =90 calories, or pancakes two=30 calories, equaling only 120 calories in that meal (See exhibit "J" page 2): the plaintiffs have been presistently subject to 1 bolona sandwhich and 1 peanut butter sandwhich at luch and dinner, at bologna = 60 calories, and peanut butter sandwhich equalling 360 calories, for lunch 420, and dinner 420 clarories, this combined total for a day equals = 960 calories of the minimum 2,400 daily calories that is mandated. Plaintiffs claims that this is even less than the premitted balalance of 1,100 calories of weekends, and the minimum 1,700 calories required for offenders deemed inactive (See exhibit "J"). The plaintiffs claims that they have been and are currently being subjected to this cruel and unusal punishment and are under imminent danger of gross malnutrition, deprivation of adequate food, waonton pain and suffering, and theyt hgave and will suffer substantial and irreparable physical and mental harm and injury.

(10). The plaintiffs claim that they have been and will be deprived of adequate access to courts, access and use of the offender grievance system, and deprivation, interference with and gross censor of incoming and outgoing mail corresepondence in violation of the provisions of Bounds v. Smith, and the offender Correspondence code and the Access to Courts policies. The plaintiff claims that their access to the courts have essentially been stifled and interferred with from the complete denial of acces to the grievance system, where the Units' grievance investigators "UGI' Acosta and Collins have repeatedly refused and failed to properly, timalty and per policy issue, pick up and process the

(Statement Of Claims cont....)

-plaintiff's grievances. Plaintiffs claims that preseistently since 2021, through all of 2022, to currently 2023, the defendants UGI Acosta and Collins have failed to follow standard Grievance Operational standards, they have failed to timely collected and pick up grievancesm, they have failed to place a "grievance box" on the cellblocks which has resulted in numerous of the plaintiff's complaints to be deemed "untimely' or lost and or unprocessed for reasons not allowed by the grievance procedures, the UGI defendants have failed to timely and regularly collect the plaintiff's greiavances on more than 200 times for 2022, and hAve failed to come and collect grievances for the entire 20 days of 2023 of this filing, They plaintiff's calaims that they have been forced to submit their grievances through regular employees, not designated to handle greivances which has resulted in grievances being destroyed, lost, unprocessed, or the plaintiff's being subject to harrassment, retalitation and reprisal due to the employee taking the greievance, which often time is against their fellow employee, to that person(s) named in the complaint resulting in the plaintiff's being subject to hostile living conditions Plaintiff alsoi claims that they are also beinf deprived of assess to courts where the Access to Courts Coordinator, defendant Mckenzie has repeatedly denie the plaintiff's requested legal forms, such as, but not limited to, 42 U.S.C § 1983 forms, to file their suits, the plaintiffs have repeatedly submitted request for these forms to no avail, the defendant has failed to issue them, whereas the plaintiff's have no other means to obtain thjem other than from the defendant.

(11).The plaintiff claims that the are being deprived of adequate access to the public in violation of the 1st and 14th amendment rights, including but mostly not limited, denial of access to bulletins, publications and deprived of adequate and timely access to use of the offender correspondence for incoming and outgoing mailp. Plaintiffs claims that the defendant mailroom supervisor Coalston has repeatedly, out of animus, reprisal and retaliation abused her discretion and has deprived plaintiffs of adequate correspondence by grossly holding mail, both general and legal for weeks, failing to ensure adequate observance of mail delivery and has lost mail, including stimulous checks and legal mail. The female defendant has arbitrarily applied policies concerning the policy for nudity and misaaplied the policy to deprive plaintiffs of previously approved correspondence items and packages, magazines and publications that have monetary value that cabnot be recovered, in violation of the policy.

(12) The plaintiff claims that they ARE ON A HUNGER STRIKE AT THE TIME OF THIS FILING protesting the inhumane conditions and the defendants are being deliberate indifferent-

(Statement Of Claims Cont....)

-to the plaintiff's individual and joint serious medical, mental and institutional needs.

(13). The plaintiffs claim that they are under the threat of IMMINENT DANGER due to the overall and conbined circumstances of the gross, rank and unjustified inhumane conditions they are being subjected to, the plaintiff claims that their deprivations are occurring and hAVE PRESISTENILY OCCurred due to TDCJ gross lack of adequate staffing, both of security and other medical and mental health staff * 1 *2. The plaintiff's claims that they will suffer farther serious, substantial and irreparable harm due to the inhumane conditions and torture they are under at the hands of the defendants herein cited.

### Verfications

We the plaintiffs, individually and jointly, herein belowed the under signing, do hereby VERIFY that the foregoing and all attached exhibits are true and correct to the best of ouir knowledge pursuant to 28 U.S.C.§ 1746.

Date: 1/20/2023

/s/ Raphael green # 2236708
/s/ Daldrick Simmons # 1940341
Willans Garrison # 814619
/s/
/s/
Donis L.Denby # 655223
Rt.2 Box 4400 (Alfred HGughes unit
Gatesville, Texas, 76597

/s/ Lynn Bragge # 2186599
/s/ Reno P.roberts # 2029343
Lester Munn # 620669
/s/

Dsate: 1/20/2023

---

*1The plaintiff advice the Court that this lack of staffing his state wide effecting every aspect of the plaintiff's rights

*2 The plaintiff notifies the Court that they are on a "hungerstrike, and there are at this time over 14 TDCJ units Ad.Segs through Texas on hunderstrike, plaintiff gives notice to the Court that the Defendants at the Alfred hughes unit are attempting to cover up, and downkplay the number of plaintiff's on hunderstrike by falsify records and not acknowledging plaintiffs currently participating in ther hungerstrike.

To: Clerk Of Western District Court
Waco Division
800 Franklin Avenue, Room 380
Waco, Texas


Greetings,

Please find enclosed the plaintiffs Original 42 U.S.C.§ 1983 Complaint, Motion For Preliminary Injunction & TRO W/ Attached Exhibits, Appendix 1 a-through j, and Motion For Joinder and Motion To Proceed In Formal Pauperis w/Attached Six Month Trustfund Printout, to be filed in this matter


Thank You

January 20, 2023

NAME DONIS L. DENBY
TDCJ # 655223
HUGHES UNIT
3201 FM 929
GATESVILLE, TX 76597

LEGAL MAIL

RECEIVED
JAN 24 '23
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

TO: Clerk Of U.S. District Court
Westrn Disrict Of Texas
800 Franklin Avenue, Romm 380
Waco, Texas, 76701

